IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES EDWARD LEWIS, | § | |
| (TDCJ-CID #1040551) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NUMBER H-12-0778 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, James Edward Lewis, requests clemency in the form of a medical release from prison. Based on the motion and the applicable law, this court finds that its lacks jurisdiction over this request. This case must therefore be dismissed. The reasons are set out below.

On-line research reveals that Lewis is serving a 15-year sentence for a 2001 conviction for unauthorized use of a motor vehicle. (Cause Number 867453). Lewis explains that he has four years remaining on his current sentence. He is requesting clemency in the form of a release from prison so that he may obtain medical treatment. He states that he is 58 years old and requires eye surgery on his right eye. Lewis explains that though he has already had two surgeries, he is still blind in that eye and needs emergency laser surgery to prevent further irreparable damage.

The Governor of Texas, based on a recommendation of a majority of the Board of Pardons and Paroles, may grant clemency. TEX. CONST. art. IV, § 11; TEX. CODE CRIM. PRO. ANN. art. 48.01. The authority to grant a pardon is vested with the executive branch. An "inmate has 'no constitutional or inherent right' to commutation of his sentence." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280 (1998) (quoting *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464

(1981)). The failure to grant clemency is not a constitutional deprivation. *See Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 288 (1998) (O'Connor, J., concurring). A court may intervene in the state's decision on clemency only when the record shows that the decision was so arbitrary as to amount to "flipping a coin," or that the state arbitrarily denied a prisoner any access to its clemency process. *See Faulder v. Tex. Bd. of Pardons & Paroles,* 178 F.3d 343, 344 (5th Cir. 1999)(citing *Ohio Adult Parole Auth.,* 523 U.S. 289). The record does not show either circumstance. There is no basis for this court to grant Lewis clemency.

Accordingly, Lewis's request for clemency is denied. Lewis's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted. All remaining pending motions are denied as moot.

SIGNED on July 16, 2012, at Houston, Texas.

*[signature]*

Lee H. Rosenthal
United States District Judge